UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRCP-DALLAS INVESTMENTS, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| CERTAIN UNDERWRITERS AT | ) | CIVIL ACTION NO. |
| LLOYD'S, LONDON SUBSCRIBING | ) | |
| TO POLICY NO. B0180PG1900944 and | ) | 3:21-CV-3201-G |
| CERTAIN UNDERWRITERS AT | ) | |
| LLOYD'S, LONDON SUBSCRIBING | ) | |
| TO POLICY NO. B0180PG1902082, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the plaintiff's (1) "renewed" motion to remand this case to

the state district court from which it was previously removed (docket entry 22) and

(2) "alternative motion to amend pleadings, join parties, and remand" (docket entry

25).[1]  For the reasons stated below, the motions are denied.

## I. BACKGROUND

On October 20, 2019, a tornado struck The Glen at Highpoint apartment

---

[1]      In support of their arguments filed in conjunction with the plaintiff's
renewed motion to remand and alternative motion, the parties also cite to pleadings
filed in support of and in opposition to the plaintiff's original motion to remand.

complex in Dallas, Texas.  Plaintiff's Original Petition ("Petition") ¶¶ 7, 8, *attached to* Defendants', Certain Underwriters at Lloyd's, London Subscribing to Certificate No. RW002494, Notice of Removal ("Notice") (docket entry 1).  This is a suit to recover insurance benefits for damage to the complex caused by the tornado.

On October 15, 2021, the plaintiff PRCP-Dallas Investments, LP ("PRCP") filed suit against the defendants Certain Underwriters at Lloyds, London Subscribing to Policy No. RW002494 ("Lloyd's") in the 101st Judicial District Court of Dallas County, Texas.[2]  See generally *id*.  In its petition, PRCP asserts that it "is a Texas limited partnership with its principal place of business in Dallas County, Texas[,]" *id*. ¶ 2, and that Lloyd's "is an unincorporated association that may be served through its registered agent and/or attorney for service:  R-T Specialty, LLC , 477 S. Rosemary, Suite 215, West Palm Beach, Florida 33401[,]" *id*. ¶ 3.

On December 23, 2021, Lloyd's timely removed the case to this court on the basis of diversity of citizenship.  *See* Notice at 2-7.  The notice of removal alerted PRCP that Lloyd's only subscribed to 14.9% of the risk.  See *id*. ¶ 7; see also *id*. ¶ 8 ("Although Plaintiff has only named insurers participating through Lloyd's as

---

[2]    The defendants contend that "[i]n the weeks before Plaintiff filed suit, Defendants' counsel was engaged in discussions with Plaintiff's counsel offering to supply the correct legal names of Plaintiff's insurers to alleviate confusion in the pleadings.  Plaintiff declined this offered cooperation, named only Underwriters as defendants, and served its own agent, RT Specialty, with this lawsuit."  Defendants' Response to Plaintiff's Renewed Motion to Remand, with Brief in Support ("Response to Renewed Motion to Remand") (docket entry 30) at 5.

Defendants in this matter, other insurers not currently named in this action also participate in the subject insurance policy."); Joint Status Report (docket entry 12, filed on February 3, 2022) at 2 ("Defendants contend that *the insurers insuring the remaining 85.1% of the risk have not been named as defendants in the instant action*.") (emphasis added).

On January 24, 2022, PRCP moved to remand this case to the state district court from which it was previously removed, asserting that the "Removing Defendants have not established the citizenship of *any* party to this action, as they have neither alleged facts showing the citizenship of all of the members of Plaintiff, nor alleged facts showing the citizenship of all 'Names,' members, or other insurers that participate in the Policy."  Plaintiff's Motion to Remand, with Brief in Support ("Original Motion to Remand") (docket entry 10) at 1 (emphasis in the original); *see also id*. at 5 (PRCP "has a limited partner that is a limited liability company ('LLC'), and that LLC has sixteen (16) different members.  The sixteen (16) members consist of individuals, trusts, and LLCs.").  PRCP conceded that "[i]n their Notice of Removal, Removing Defendants correctly claim that PRCP-Dallas Investment, LP is organized under the laws of the State of Delaware and has its principal place of business in Florida."[3]  *Id*. at 4; *see also* Notice ¶¶ 5, 6 ("Plaintiff's Petition alleges . . . that 'Plaintiff . . . is a Texas limited partnership with its principal place of business in

---

[3]     PRCP has offered no explanation why it failed to amend its petition to correct this information.

Dallas County, Texas.' . . . However, upon information and belief, Plaintiff PRCP-Dallas Investments, LP is a limited partnership formed under the laws of the state of Delaware with its principal place of business in Palm Beach Gardens, Florida and/or West Palm Beach, Florida.").

On April 8, 2022, the court (1) denied PRCP's original motion to remand, (2) granted Lloyd's motion for leave to conduct jurisdictional discovery in the form of interrogatories, and (3) ordered Lloyd's to file and serve an amended notice of removal that alleged the names and citizenship of each partner of PRCP as well as the name and citizenship of each Name within each syndicate involved. *See generally* Order (docket entry 18); see also *id*. at 6 ("'Underwriters request an opportunity to conduct limited discovery regarding Plaintiff's limited partner(s), including a request for production of a copy of Plaintiff's partnership agreement and an interrogatory for a list of Plaintiff's limited partner(s).'") (quoting Defendants', Certain Underwriters at Lloyd's, London Subscribing to Policy No. RW002494, Response to Plaintiff's Motion to Remand, with Brief in Support (docket entry 15) at 13).

On May 27, 2022, after the close of limited jurisdictional discovery, Lloyd's, as the defendant Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0180PG1900944, and the defendant Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0180PG1902082, (collectively, "defendants"),[4] timely

_____

[4]    "Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0180PG1900944 and Certain Underwriters [at Lloyd's, London]

- 4 -

filed an amended notice of removal.[5]  *See generally* Defendants' Amended Notice of

Removal ("Amended Notice") (docket entry 20).  In their amended notice of

removal, the defendants allege that "upon information and belief, and based on the

limited information supplied by Plaintiff in response to Underwriters' interrogatory,

[PRCP] is a limited partnership formed under the laws of the state of Delaware with

its principal place of business in Palm Beach Gardens, Florida and/or West Palm

Beach, Florida with partners (and/or members of partners) that/who are citizens of

Massachusetts, New York, Florida, Texas, New Jersey, Arizona, and/or Delaware for

purposes of federal diversity jurisdiction." *Id*. at 6.  The defendants further aver that

"Plaintiff's response to Underwriters' Court-authorized interrogatory acknowledged

that *Plaintiff was not providing complete information about all of its partners and the layers of*

―――――――――――――

Subscribing to Policy No. B0180PG1902082 . . . , *each for themselves alone and no other, severally not jointly, based on their own respective percentage of interest, incorrectly named in the above-styled and numbered cause as 'Certain Underwriters at Lloyd's, London Subscribing to Policy No. RW002494,'* . . . timely file this Amended Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 . . . ." Amended Notice at 1 (emphasis added); *see also* Defendants', Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0180PG1900944, First Amended Answer and Affirmative Defenses (docket entry 28); Defendants', Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0180PG1902082, First Amended Answer and Affirmative Defenses (docket entry 29).

[5]      On May 27, 2022, the court also issued a scheduling order in this case. *See generally* Order Establishing Schedule and Certain Pretrial Requirements (docket entry 21); see also *id.* at 2 (setting a deadline of August 26, 2022, for "all motions requesting **joinder** of additional parties or **amendments** of pleadings . . . .") (emphasis in the original).

*their association . . . .*" *Id.* at 3 (emphasis added). Specifically, PRCP responded to the

defendants' interrogatories, in pertinent part, as follows:

> **Plaintiff is currently unaware of the identities of members** of Nextone, LLC, SILKK Partners, LLC, and BF Investments – Real Properties, LLC.

> \* \* \*

> **Plaintiff is currently unaware of the members** of CP 287 General, LLC.

> \* \* \*

> **Plaintiff is currently unaware of the identity** [sic] **of the members** of HWL Investments, LLC[.]

> \* \* \*

> **Plaintiff is currently unaware of the members or partners** of RJC Investments, Ltd.

> \* \* \*

> **Plaintiff is currently unaware of details** regarding William B. Crandall Declaration of Trust.

> \* \* \*

> **Plaintiff is unaware the [sic] citizenship** of Alexander Noujaim and Diane Noujaim.

> \* \* \*

> Amin J. Khoury, as trustee of The Amin C. Khoury Trust, The David N. Khoury Trust and The Kimberly Ann Khoury Trust

**The addresses of the above identified limited partners are currently unknown**.

Plaintiff, PRCP-Dallas Investments, LP's Answers and Objections to Defendants' First Set of Interrogatories (emphasis added), *attached to* Amended Notice as Exhibit D at 4-7.

PRCP admits that "[a]s to the Plaintiff, the complete citizenship information is *simply unknown*[,]" Plaintiff's Renewed Motion to Remand, with Brief in Support ("Renewed Motion to Remand") (docket entry 22) at 3 (emphasis added), but claims that it "is at least a citizen of **Florida, Massachusetts, Texas, Arizona, and Delaware**." Alternative Motion to Amend Pleadings, Join Parties, and Remand, and Brief in Support ("Alternative Motion to Amend, Join, Remand") (docket entry 25) at 6 (emphasis in the original). PRCP hypothesizes that "it would not be surprising if Plaintiff's ownership chain included international citizens. . . . As such, it is impossible to determine whether diversity exists, even if the Removing Defenders [sic] were the only parties and were considered to be only international citizens." Renewed Motion to Remand at 3.

The court agrees with the defendants that PRCP's "assertion that the insurers use the common or assumed name of 'Lloyd's of London' is simply incorrect[.]" *See* Response to Renewed Motion to Remand at 9. In its denial of PRCP's original motion to remand, this court noted as follows:

Lloyds of London is not an insurance

company but rather a self-regulating entity which operates and controls an insurance market. . . . The Lloyd's entity provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's. . . .  Thus, a policyholder insures *at* Lloyd's but not *with* Lloyd's. . . .

The members or investors who collectively make up Lloyd's are called "Names" and they are the individuals and corporations who finance the insurance market and ultimately insure risks. . . .  Names are underwriters of Lloyd's insurance and they invest in a percentage of the policy risk in the hope of making return on their investment. . . .  Each Name is exposed to unlimited personal liability for his proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter.

* * *

[T]he business of insuring risk at Lloyd's is carried on by groups of Names called "Syndicates." . . .  In order to increase the efficiency of underwriting risks, a group of Names will, for a given operating year, form a "Syndicate" which will in turn subscribe to policies on behalf of all Names in the Syndicate. . . .  The Syndicates themselves have been said to have no independent legal identity. . . . Thus, a Syndicate is a creature of administrative convenience through which individual investors can subscribe to a Lloyd's policy.  A Syndicate bears no liability for the risk on a Lloyd's policy.  Rather, all liability is born by the individual Names who belong to the various Syndicates that have subscribed to a policy.

- 8 -

*Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857-58 (5th Cir. 2003)

(emphasis in the original), *cert. denied*, 541 U.S. 1073 (2004).

Order (docket entry 18) at 1 n.*; see also *Team One Properties LLC v. Certain Underwriters At Lloyds London*, 281 Fed. Appx. 323 (5th Cir. 2008) (per curiam) ("As this court has previously explained in detail, Lloyds is not an underwriter of any of the policies, acting only as a facilitator for insurers and insureds to engage each other.").

The defendants allege that the "two Lloyd's syndicates involved here" are as follows:

> First, Certain Underwriters Subscribing to Policy No. B0180PG1902082 are comprised of Syndicate 1967 at Lloyd's, which subscribes to *3.15% of the risk and is comprised of a single Name*, WRBC Corporate Member Limited, which is a corporation incorporated in the United Kingdom (England and Wales) with its principal place of business in London, England. . . .
>
> Second, Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0180PG1900944 is comprised of Syndicate 1861 at Lloyd's, which subscribes to *11.75% of the risk and is comprised of a single Name*, Flectat 2 Limited, which is a corporation incorporated in the United Kingdom (England and Wales) with its principal place of business in London, England.

Amended Notice at 5 (emphasis added); see also *id*. at 7; Appendix in Support of Defendants' Response to Plaintiff's [Original] Motion to Remand ("Appendix in Support of Defendants' Response to Original Motion to Remand") (docket entry 16)

- 9 -

at 4-9.

On August 26, 2022, 91 days after the filing of the defendants' amended notice of removal, PRCP again moved to remand this case to the state district court from which it was previously removed pursuant to 28 U.S.C. § 1447(c), *see generally* Renewed Motion to Remand, and alternatively to amend, join, and remand, *see generally* Alternative Motion to Amend, Join, Remand.[6]

## II.  ANALYSIS

### A.  Motion to Remand

The defendants assert that "[t]he only apparent difference between Plaintiff's already denied motion to remand and its renewed motion to remand is that Plaintiff has included additional information about the citizenship of parties it did not sue." Response to Renewed Motion to Remand at 5.  PRCP contends that "even if the Removing Defendants were the only two defendants in the suit, this action would still have to be remanded for two . . . reasons:  (1) the Removing Defendants have failed to establish their own citizenship; and (2) the Removing Defendants (and Plaintiffs) cannot establish Plaintiff's citizenship."  Renewed Motion to Remand at 2.

---

[6]     The defendants argue that "Plaintiff has waived any allegation of procedural defect by untimely raising these issues more than 30 days after Underwriters filed their Amended Notice of Removal."  Response to Renewed Motion to Remand at 19; *see also* 28 U.S.C. § 1447(c) (A motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . .").

Title 28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993) (citing 28 U.S.C. § 1441). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Costal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332. Here, the defendants have alleged only diversity of citizenship as a basis of this court's jurisdiction. *See* Amended Notice ¶ 8. Specifically, the defendants aver that the parties are completely diverse because the defendants are citizens and subjects of the

United Kingdom, and PRCP is a citizen of the United States of America.  *Id.* at 5-6.
The court can properly exercise jurisdiction on the basis of diversity of citizenship
after removal only if three requirements are met:  (1) the parties are of completely
diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined
defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C.
§ 1441(b)(2); and (3) the case involves an amount in controversy of more than
$75,000, *see* 28 U.S.C. § 1332(a).

　　The defendants have demonstrated that they are citizens of the United
Kingdom, and that the plaintiff is a citizen of the United States of America.
Contrary to PRCP's arguments, other insurers were not joined in this action under
one collective name and are not parties before the court.  Thus, the court need not
consider citizenships of unnamed defendants when determining whether the parties
are completely diverse.  See *Corfield*, 355 F.3d at 866.  The citizenship of each
defendant is clearly established by the record.  Further, while PRCP admits that it
cannot attest to its own citizenship, the defendants have alleged in good faith on
information and belief that complete diversity existed at the time the suit was filed
and when removed to federal court.  Thus, the parties are of completely diverse
citizenship.

　　Removal is proper in this case because (1) there is complete diversity, (2) the
defendants are not from the forum state, and (3) the amount in controversy exceeds

the $75,000 requirement.  *See generally* Amended Notice.  Accordingly, PRCP's

renewed motion to remand is denied.

B.  Motion for Leave to Amend Complaint

PRCP prays that "*if* the Court determines that the other insurers are not

already joined under the common name Lloyds of London, then Plaintiff requests

leave to join eleven additional insurers (which apparently subscribe to over 85% of

the policy) and to make additional allegations against the two Lloyds syndicates that

removed this action."  Alternative Motion to Amend, Join, Remand at 3 (emphasis in

the original).  The court construes PRCP's alternative motion to amend pleadings,

join parties, and remand as a motion for leave to amend the complaint.  *See* Plaintiff's

First Amended Complaint ("Proposed First Amended Complaint") (docket entry 25-

1), *attached to* Alternative Motion to Amend, Join, Remand.[7]

---

[7]     Paragraphs 1 and 2 of the Proposed First Amended Complaint reads as
follows:

> This Plaintiff's First Amended Complaint is filed subject to
> the Court's ruling on Plaintiff's Renewed Motion to
> Remand and Plaintiff's Alternative Motion to Amended
> [sic] Pleadings, Join Parties, and Remand.  It is Plaintiff's
> position that this Court lacks subject matter jurisdiction
> because there is not complete diversity of citizenship
> between and among Plaintiff and Defendants. . . .

> Further, it is Plaintiff's position that all necessary insurers
> have already been sued under the collective name of
> "Underwriters at Lloyds, London."  If the Court finds that
> all necessary insurers have not already been sued, Plaintiff

Rule 15(a) of the Federal Rules of Civil Procedure prescribes a liberal standard for the amendment of pleadings, and whether a motion to amend should be granted is within the discretion of the district court.  See *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Although Rule 15 requires that permission to amend be "freely given when justice so requires," this rule "is not a mechanical absolute[,] and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment and discretion of the Trial Judge as he superintends the development of a cause toward its ultimate disposition."  *Lone Star Motor Import, Inc. v. Citroen Cars Corporation*, 288 F.2d 69, 75 (5th Cir. 1961).  When exercising its discretion, the court may consider such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. . . .'"  *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1150-51 (5th Cir. 1990) (quoting *Foman*, 371

---

files this First Amended Complaint in order to specially name all insurers that have been identified in Defendants' Responses to Plaintiff's Interrogatories or in other documents in the course of adjustment of the claims in this action.

Proposed First Amended Complaint ¶¶ 1, 2.  The court has denied PRCP's renewed motion to remand and found that all defendants were not sued under one collective name.  See *supra*.  Thus, these allegations contained in the proposed first amended complaint are inapplicable.

U.S. at 182).

PRCP's proposed first amended complaint is riddled with issues of concern to

the court.  For example, PRCP asserts as follows:

> Plaintiff, PRCP-Dallas Investment, LP is a *Florida limited partnership with its principal place of business in Dallas County, Texas*.  As a limited partnership, Plaintiff's citizenship is determined by its partners, their partners/members, and so on.  Plaintiff lacks information to determine its citizenship completely.  However, as set forth in documents already in the record, Plaintiff is a citizen of at least Florida, Massachusetts, Texas, New York, Arizona, and Delaware, and may be a citizen of additional states or countries.  Since the policy at issue defines all insurers collectively using the term Lloyds of London, Defendants, Certain Underwriters at Lloyds, London Subscribing to Policy No. RW002494, ("Defendants" or "Insurers") consist of all insurers subscribing to Policy No. or Certificate No. RW002494 (the "Policy"), regardless of whether they are participants in the Lloyds marketplace and regardless of whether they have been individually identified in this action.  This collective name for Defendants includes, at least, each of the following individually-named Defendants, which can each be served collectively by notice to R-T Specialty, LLC at 477 South Rosemary, Suite 215,West Palm Beach, FL 33401, or as otherwise allowed by law.

Proposed First Amended Complaint ¶ 3 (emphasis added).  However, as previously

noted, PRCP admitted in its *original* motion to remand that it is "*organized under the*

*laws of the State of Delaware and has its principal place of business in Florida*."  *See* Original

Motion to Remand at 4 (emphasis added) *but see* Petition ¶ 2 ("Plaintiff,

PRCP-Dallas Investments, LP is a Texas limited partnership with its principal place

of business in Dallas County, Texas.").  Furthermore, although PRCP "agrees with

Removing Defendants that PRCP-Dallas Investment, LP is the correct name for Plaintiff[,]" *see* Original Motion to Remand at 4 n.2, PRCP has not moved to correct its name as a party.  See, *e.g.*, Renewed Motion to Remand (filed by "PRCP-Dallas Investments, LP"); Alternative Motion to Amend, Join, Remand (filed by "PRCP-Dallas Investments, LP").  Additionally, the court has denied PRCP's renewed motion to remand and has found that all defendants were not sued under one collective name.  See *supra*.

PRCP also improperly names the defendants as follows:

> Defendant, Certain Underwriters at Lloyd's, London Subscribing to Policy No. PG1902082 (Syndicate 1967, WRBC Corporate Member Limited as one of its Names), 52 Lime Street, London, EC3M 7AF, United Kingdom, is a Lloyds syndicate, which has already appeared in this action. . . .

> Defendant, Certain Underwriters at Lloyd's, London Subscribing to Policy No. PG1902764 or PG1900944 (Syndicate 1861, with Flectat 2 Ltd as one of its Names), Floor 29, 22 Bishopsgate, London, EC2N 4BQ, United Kingdom, is a Lloyds syndicate, which has already appeared in this action.

Proposed First Amended Complaint ¶¶ 12, 13.  As noted *supra*, the correct party names are the defendant Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0180PG1900944, and the defendant Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0180PG1902082.  *See* Defendants' Response to Plaintiff's Motion to Amend Pleadings, Join Parties, and Remand, with Brief in

Support ("Response to Alternative Motion") (docket entry 31) at 7; Amended Notice

at 5.

In response to PRCP's first set of interrogatories, the defendants, objecting to

"'Certificate Number RW002494' [as] an "'insurance policy[,]'" listed the "insurers

that are severally liable for the subject risk" in this case as follows:

> Aspen Specialty Insurance Company
> (Policy No. PX009P819)
> 499 Washington Boulevard
> Jersey City, NJ 07310
>
> Associated Industries Insurance Company, Inc.
> (Policy No. AES1191843)
> 901 W Yamato Rd.
> Boca Raton, FL 33431
>
> HDI Specialty Insurance Company
> (Policy No. CPD5631100S)
> 161 North Clark Street 48th Floor
> Chicago, IL 60601
>
> Lexington Insurance Company (Policy No. 11144920)
> 99 High St, Floor 24
> Boston, MA 02110-2378
>
> Ironshore Specialty Insurance Company
> (Policy No. 3830100)
> 8601 N Scottsdale Rd Ste 300
> Scottsdale, AZ 85253-2738
>
> PartnerRe Ireland Insurance dac
> (Policy No. PG1900944)
> 5th Floor, Block 1, The Oval
> 160 Shelbourne Road, Dublin 4
> Ireland

Endurance Worldwide Insurance Ltd (Policy No.
PG1902742)
1st Floor, 2 Minster Court
Mincing Lane
London EC3R 7BB
United Kingdom

Ategrity Specialty Insurance Company
(Policy No. 01-B-XP-P00000006-1)
14000 N Pima Rd, Suite 200
Scottsdale, AZ 85260

Certain Underwriters at Lloyd's, London Subscribing to
Policy No. PG1902082
(WRBC Corporate Member Limited)
52 Lime Street, London[,] EC3M 7AF
United Kingdom

Certain Underwriters at Lloyd's, London Subscribing to
Policy No. PG1902764
(Flectat 2 Ltd)
Floor 29, 22 Bishopsgate
London, EC2N 4BQ
United Kingdom

Appendix in Support of Plaintiff's Renewed Motion to Remand (docket entry 23) at

50-51; *see also* Response to Alternative Motion at 6 ("While Plaintiff has now

confirmed the identities of its insurers via a jurisdictional discovery request, this

information has always been available to Plaintiff via its own agent.  Plaintiff's

alleged confusion has always been, and continues to be, self-inflicted."); Response to

Renewed Motion to Remand at 12 ("Plaintiff accepted millions of dollars in claim

payments and signed proofs of loss listing the name of each insurer at the top of the

page, but continues to insist it had no way to determine the identities of the insurers

issuing these payments."); Appendix in Support of Defendants' Response to Original Motion to Remand at 11-14 (partial proofs of loss for "**Tornado** loss[es that] occurred on the **20th day of October, 2019**" executed by PRCP and notarized on April 1, 2020).

The defendants argue that "Plaintiff's request for joinder should be denied not only because it was made after undue delay and not only because of Plaintiff's repeated failures to correct pleading deficiencies, but also because the purpose of the proposed amendment is to defeat diversity." Response to Alternative Motion at 6-7; see also *id.* at 2 ("Plaintiff's undue delay in curing defects in its pleadings and considerable burden imposed on the courts by insisting that the issue be resolved via months of motion practice militate against Plaintiff's request to join parties it was perfectly capable of naming to this action in its petition filed in October 2021, or at any time since."). The defendants request that the court deny all requested relief. See generally *id.* Alternatively, to the extent that the court allows PRCP to amend its complaint, the defendants request that the court only permit joinder of the eight additional parties outlined in the defendants' response to PRCP's interrogatories, see *supra*, and also listed in the defendants' response to PRCP's alternative motion, *see* Response to Alternative Motion at 7. Those defendants listed in PRCP's proposed amended complaint are as follows:

> Defendant, Aspen Specialty Insurance Company, 499
> Washington Boulevard, Jersey City, New Jersey 07310, is

an insurance company doing business in Texas. **Aspen's citizenship information is unknown**. . . .

Defendant, Associated Industries Insurance Company, Inc., 901 W. Yamato Rd., Boca Raton, Florida 33431, is an insurance company doing business in Texas. Associated has represented that it is a Florida corporation with its principal place of business in Florida. . . .

Defendant, HDI Specialty Insurance Company, 161 North Clark Street, 48th Floor, Chicago, Illinois 60601, is an insurance company doing business in Texas. HDI has represented that it is an Illinois corporation with its principal place of business in Illinois. . . .

Defendant, Lexington Insurance Company, 99 High St., Floor 24, Boston, Massachusetts 02110-2378, is an insurance company doing business in Texas. Lexington has represented that it is a Delaware corporation with its principal place of business in Massachusetts. . . .

Defendant, Ironshore Specialty Insurance Company, 8601 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85253-2738, is an insurance company doing business in Texas. Ironshore has publicly represented that it is an Arizona corporation with its principal place of business in Massachusetts. . . .

Defendant, PartnerRe Ireland Insurance dac, 5th Floor, Block 1, The Oval, 160 Shelbourne Road, Dublin 4 Ireland, is an insurance company doing business in Texas. **Plaintiff lacks information regarding PartnerRe's citizenship**. . . .

Defendant, Endurance Worldwide Insurance Ltd., 1st Floor, 2 Minster Court, Mincing Lane, London EC3R 7BB, United Kingdom, is an insurance company doing business in Texas. **Plaintiff lacks information regarding Endurance's citizenship**. . . .

- 20 -

> Defendant, Ategrity Specialty Insurance Company, 14000
> N. Pima Rd., Suite 200, Scottsdale, Arizona 85260, is an
> insurance company doing business in Texas.  Ategrity has
> represented that it is a Delaware Corporation with its
> principal place of business in Arizona. . . .

Proposed First Amended Complaint ¶¶ 4-11 (emphasis added).

PRCP also seeks to join the following three defendants.

> Defendant, AmTrust Insurance Company a/k/a AmTrust
> Insurance Company of Kansas, is an insurance company
> doing business in Texas.  AmTrust has represented that it
> is a Delaware Corporation with its principal place of
> business in Texas. . . .
>
> Defendant, Colony Insurance Company is an insurance
> company doing business in Texas.  Colony has represented
> that it is a Virginia corporation with its principal place of
> business in Virginia. . . .
>
> Defendant, Hallmark Specialty Insurance Company is an
> insurance company doing business in Texas.  Hallmark has
> publicly represented that it is a Texas corporation with its
> principal place of business in Texas.

*Id*. ¶¶ 14-16.

The defendants aver that "[d]espite Plaintiff's unsupported guesses, AmTrust

Insurance Company a/k/a AmTrust Insurance Company of Kansas, Colony Insurance

Company, and Hallmark Specialty Insurance Company had no role in the insurance

claim underlying this action."  Response to Alternative Motion at 7.  First, the

defendants maintain that PRCP "appears to be confused as to the identity of the

'Amtrust' insurer in this matter, which was disclosed to Plaintiff as 'Associated

Industries Insurance Company' in response to a discovery request.  Yet, Plaintiff then makes an inferential leap to posit that one of its insurers could be 'Amtrust Insurance Company **of Kansas**, Inc.,' which is simply wrong."  Response to Renewed Motion to Remand at 11 (emphasis in the original).  Second, in its appendix filed in support of its renewed motion to remand, PRCP included partial proofs of loss issued to Colony Insurance Company and Hallmark Specialty Insurance Company for damage to The Glen at Highpoint apartment complex for a "**Hail** loss[es that] occurred on the **24th day of February, 2019**[.]"  *See* Appendix in Support of Renewed Motion to Remand at 25, 27 (emphasis in the original); *see also* Response to Renewed Motion to Remand at 11 ("Plaintiff attached documents to the Underlying Motion from separate insurers involved in an entirely different insurance claim for a separate occurrence under a prior policy period.  To be clear, Colony Insurance Company and Hallmark Specialty Insurance Company had no role whatsoever in Plaintiff's tornado claim.").  Thus, it appears to the court that AmTrust Insurance Company a/k/a AmTrust Insurance Company of Kansas, Colony Insurance Company, and Hallmark Specialty Insurance Company should not be joined as defendants in the current action.

PRCP's motion for leave to amend its complaint is denied without prejudice to refiling.  A proposed amended complaint must cure defects outlined in this memorandum opinion and order and must include specific allegations of citizenship as to each party, as well as allegations that a defendant insured the plaintiff for

damage to The Glen at Highpoint apartment complex caused by a tornado on

October 20, 2019.  In the event that PRCP timely files an amended motion for leave

to amend its complaint and seeks to add a non-diverse defendant, the court will

"scrutinize [an amendment that adds a non-diverse defendant] more closely than an

ordinary amendment[.]"  *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.

1987), *cert. denied*, 493 U.S. 851 (1989); *see also* 28 U.S.C. § 1447(e) ("If after

removal the plaintiff seeks to join additional defendants whose joinder would destroy

subject matter jurisdiction, the court may deny joinder, or permit joinder and remand

the action to the State court.").[8]

### III.  CONCLUSION

For the reasons stated above, PRCP's (1) renewed motion to remand this case

to the state district court from which it was previously removed, (2) alternative

motion to amend pleadings, join parties, and remand, and (3) motion for costs and

---

[8]     In *Hensgens*, when tasked with determining whether to permit joinder of non-diverse parties after a case has been removed from state court on based upon diversity jurisdiction, the Fifth Circuit has outlined four factors which the district court should, in its discretion, consider when a plaintiff seeks joinder of a non-diverse defendant after removal:  (1) the extent to which the purpose of the amendment of the complaint is to defeat federal jurisdiction; (2) the degree of dilatory conduct on the part of the plaintiff; (3) the risk of significant injury to the plaintiff if the amendment is not allowed; and (4) any other equitable considerations.  *Hensgens*, 833 F.2d at 1182.  The purpose of weighing these factors, according to *Hensgens*, is to balance the defendants' interest in maintaining a federal forum against the plaintiff's interest in avoiding multiple and parallel litigation.  *Id.*

fees are **DENIED**.  PRCP shall have leave to file an amended motion for leave to amend its complaint to cure the pleading defects described above -- if it can -- provided that PRCP's amended motion is filed and served no later than **April 10, 2023**.

      **SO ORDERED**.

March 20, 2023.

                                                     **A. JOE FISH**
                                                     **Senior United States District Judge**

- 24 -