UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PRCP-DALLAS INVESTMENTS, LP,       )<br>                                                            )<br>     Plaintiff,                                   )<br>                                                            )<br>VS.                                                       )<br>                                                            )<br>CERTAIN UNDERWRITERS AT          )<br>LLOYD'S, LONDON SUBSCRIBING  )<br>TO POLICY NO. B0180PG1900944 and )<br>CERTAIN UNDERWRITERS AT           )<br>LLOYD'S, LONDON SUBSCRIBING   )<br>TO POLICY NO. B0180PG1902082,      )<br>                                                             )<br>     Defendants.                                )   | CIVIL ACTION NO.<br><br>3:21-CV-3201-G |

### MEMORANDUM OPINION AND ORDER

Before the court is the amended motion of the plaintiff PRCP-Dallas Investments, LP ("PRCP") for leave to amend pleadings and to join parties (docket entry 38). For the reasons stated below, the motion is granted. Furthermore, this case is remanded to the state district court from which it was removed.

### I. BACKGROUND

On October 20, 2019, a tornado struck The Glen at Highpoint apartment complex in Dallas, Texas. Plaintiff's Original Petition ¶¶ 7, 8, *attached to* Defendants' Amended Notice of Removal (docket entry 20). This is a suit to recover insurance

benefits for damage to the complex caused by the tornado. A full recitation of the factual background of this case is provided in the court's memorandum opinion and order issued on March 20, 2023 ("memorandum opinion and order"). *See* Memorandum Opinion and Order (docket entry 37). In that order, the court denied PRCP's (1) renewed motion to remand this case to the state district court from which it was previously removed, (2) alternative motion to amend pleadings, join parties, and remand, and (3) motion for costs and fees but granted PRCP leave to file an amended motion for leave to amend its complaint to cure the pleading defects described in the order. See generally *id*. The court held, in pertinent part, as follows:

> In the event that PRCP timely files an amended motion for leave to amend its complaint and seeks to add a non-diverse defendant, the court will "scrutinize [an amendment that adds a non-diverse defendant] more closely than an ordinary amendment[.]" *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851 (1989); *see also* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

*Id*. at 23.

PRCP timely moved for leave to amend its complaint and to join parties. *See generally* Plaintiff's Amended Motion for Leave to Amend Pleadings and Join Parties ("Motion") (docket entry 38); *see also* Plaintiff's First Amended Complaint ("Amended Complaint") (docket entry 38-1). PRCP, a citizen of Massachusetts,

New York, Florida, Arizona, and Texas, seeks to add eight insurers, including non-diverse defendants, and to cure defects outlined in the memorandum opinion and order.[1]  *Id*.  The defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0180PG1902082, and Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0180PG1900944, (collectively, "the Underwriters") contend that they would be unduly prejudiced by PRCP's amendment due to PRCP's "undue delay in adding parties [and] repeated failures to cure pleading defects" and allege that the purpose of the proposed amendment is to defeat federal jurisdiction. Defendants' Response to Plaintiff's Amended Motion to Amend Pleadings, Join Parties, with Brief in Support ("Response") (docket entry 39) at 2-3.

## II.  ANALYSIS

### A.  Legal Standard

When a plaintiff seeks joinder of additional non-diverse defendants after removal, the court – pursuant to 28 U.S.C. § 1447(e) – has two options:  (1) deny

---

[1] PRCP seeks to add eight additional defendants:  (1) Aspen Specialty Insurance Company, a North Dakota corporation with its principal place of business in New Jersey; (2) Associated Industries Insurance Company, Inc., a Florida corporation with its principal place of business in Florida; (3) HDI Specialty Insurance Company, an Illinois corporation with its principal place of business in Illinois; (4) Lexington Insurance Company, a Delaware corporation with its principal place of business in Massachusetts; (5) Ironshore Specialty Insurance Company, an Arizona corporation with its principal place of business in Massachusetts; (6) PartnerRe Ireland Insurance dac, a citizen of Ireland; (7) Endurance Worldwide Insurance Ltd., a citizen of the United Kingdom; and (8) Ategrity Specialty Insurance Company, a Delaware corporation with its principal place of business in Arizona.  *See* Amended Complaint ¶¶ 6-13.

the joinder or (2) permit the joinder, thus destroying diversity of citizenship of the parties, and remand the action to the state court.[2]

Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave when justice so requires." In fact, "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although Rule 15 requires that permission to amend be freely given when justice so requires, this rule "is not a mechanical absolute[,] and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment and discretion of the Trial Judge as he superintends the development of a cause toward its ultimate disposition." *Lone Star Motor Import, Inc. v. Citroen Cars Corporation*, 288 F.2d 69, 75 (5th Cir. 1961). When exercising its discretion, the court may consider such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

---

[2] Subsection (e) of section 1447 provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); see also *id*. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

opposing party by virtue of allowance of the amendment, futility of the amendment, etc. . . .'" *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1150-51 (5th Cir. 1990) (quoting *Foman*, 371 U.S. at 182).

Additionally, Federal Rule of Civil Procedure 20(a)(2) provides that persons may be joined in one action as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Furthermore, when tasked with determining whether to permit joinder of non-diverse parties after a case has been removed from state court based upon diversity jurisdiction, the Fifth Circuit has advised that a district court "should use its discretion" in deciding whether to permit joinder of a diversity-destroying party. *Hensgens*, 833 F.2d at 1182. In particular, the Fifth Circuit has explained that a district court must "balance the equities and decide whether amendment should be permitted" by considering a number of factors such as: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Id*. The purpose of weighing these factors, according to *Hensgens*, is to balance the defendants' interest in maintaining a federal forum against the plaintiff's interest in avoiding multiple and

parallel litigation. *Id*.

### B. Application

The first two *Hensgens* factors concern the extent to which joinder of non-diverse parties is sought to defeat diversity jurisdiction, and the extent to which the plaintiff was dilatory in seeking to add those defendants. See *id*. First, the court agrees with PRCP that PRCP is not seeking to join non-diverse defendants as parties solely to defeat diversity jurisdiction. *See* Motion at 2. Upon review of PRCP's first amended complaint, the court finds that all of PRCP's claims arise from the same tornadic event. As such, the court further agrees with the parties that "the currently joined insurers are responsible for only 14.9% of the risk[,]" and that "[t]he proposed additional defendants are responsible for over 85% of the coverage at issue in this case, and they are necessary parties to this litigation." Motion at 2; see also *id*. at 3; Joint Status Report (docket entry 12) ¶ 5 ("Defendants contend that the remaining insurers who insure the remaining 85.1% of the risk have not been named as defendants because the only named defendants . . . compris[e] 14.9% of the risk. Accordingly, there is a likelihood that other parties could be joined"). Thus, PRCP has demonstrated that its motives for joining non-diverse defendants transcend mere jurisdictional subterfuge and instead center on pursuit of relief against those parties that may have a role in the controversy. As to the second factor, the court finds that PRCP was not dilatory in filing for leave to join additional defendants. The court

- 6 -

concludes that PRCP's motive in seeking joinder of the non-diverse defendants is not dilatory or for the purpose of destroying diversity. Thus, the first two *Hensgens* factors weigh in favor of allowing the joinder of these non-diverse defendants.

With respect to the third factor – whether PRCP will be significantly injured if amendment is not allowed – the court concludes that this factor weighs in PRCP's favor. Here, because the same factual questions underlie PRCP's claims against the Underwriters and the proposed additional defendants, the court agrees with PRCP that if these parties are not joined PRCP will be forced to begin unnecessary parallel litigation, which is not only expensive but judicially inefficient as "there is the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources." *Hensgens*, 833 F.2d at 1182; see also *AMX Environmental Evolution, Ltd. v. Carroll Fulmer Logistics Corporation*, No. 3:08-CV-0908-G, 2009 WL 972994, at *4 (N.D. Tex. Apr. 9, 2009) (Fish, J.) ("Requiring a plaintiff to pursue parallel federal and state court actions is generally disfavored since separate proceedings create judicial inefficiency and increase the possibility of conflicting outcomes."). Furthermore, the Underwriters have not convinced the court that they will suffer any serious prejudice if the proposed additional defendants are joined.

Finally, the court must consider "any other factors bearing on the equities[,]" *Hensgens*, 833 F.2d at 1182, including balancing the defendants' right to proceed in a

properly invoked federal forum with the competing interest of avoiding parallel state court proceedings.  *Feuerbacher v. Wells Fargo Bank*, No. 4:15-CV-0059, 2015 WL 11112529, at *4 (E.D. Tex. Aug. 25, 2015), *aff'd sub nom*. 701 Fed. Appx. 297 (5th Cir. 2017).  Although the Underwriters do not specify that this bears on the equity of this case in line with the fourth factor specified in *Hensgens*, they claim that "granting the Underlying Motion would impose extra expenses on Underwriters by forcing them back to 'square one'[.]"  Response at 10.  The court finds that the Underwriters have failed to assert any unique equitable argument.  The fourth *Hensgens* factor is, therefore, neutral.

In sum, the court concludes that under the circumstances of this case the balance of the equities favors granting PRCP's motion to add additional defendants. Accordingly, PRCP's motion for leave to file an amended complaint to join additional parties is granted.

The court may *sua sponte* raise the issue of its jurisdiction at any time during the course of litigation.  *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999) ("Federal courts must be assured of their subject matter jurisdiction at all times and may question it sua sponte at any stage of judicial proceedings.") (citation omitted).  As the addition of non-diverse defendants will destroy this court's subject matter jurisdiction, this case is remanded to the 101st Judicial District Court of Dallas County, Texas.

III.  CONCLUSION

For the reasons stated above, PRCP's motion for leave to amend pleadings and to join additional defendants is **GRANTED**.  Accordingly, the Clerk of Court is **DIRECTED** to file PRCP's first amended complaint (attached as Exhibit A to the motion).

Upon the filing of PRCP's first amended complaint, it is **ORDERED** that this case is hereby **REMANDED** *sua sponte* for lack of subject matter jurisdiction to the 101st Judicial District Court of Dallas County, Texas.  The Clerk of Court shall mail a certified copy of this order to the district clerk of Dallas County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED**.

October 26, 2023.

*(signature: A. Joe Fish)*

**A. JOE FISH**
**Senior United States District Judge**